UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPENCER WYDELL WOODS,<br><br>　　　　Defendant. | CASE NO.   CR06-206 JLR<br><br>DETENTION ORDER |

Offense charged:

　　Count I:　　Conspiracy to Distribute Heroin and Cocaine, in violation of Title
　　　　　　　　21　U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846.

Date of Detention Hearing: June 25, 2006

　　　　The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Sarah Vogel. The defendant was represented by Jeff Coopersmith.

DETENTION ORDER
PAGE -1-

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release:

  (a) The nature of the instant offense includes the defendant allegedly making contact with the source of supply for cocaine up to four times a day. These contacts were telephonic and recorded. The entire conspiracy involved substantial numbers (in the thousands) of telephonically recorded calls for the delivery of drugs throughout this region within a 50-day period of surveillance.

  (b) A criminal history which includes active warrants for failing to appear as well as substance abuse problems.

  (c) Defendant has no verifiable income and a long history of unemployment.

(3) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 29th day of June, 2006.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-